IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LAWRENCE M. BUTLER, SR.,**

        **Plaintiff,**

**v.**

**TARGET CORPORATION,**

        **Defendant.**

Case No. 3:18-CV-2068-MAB

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This is a negligence action arising out of Plaintiff Lawrence M. Butler, Sr.'s fall at a Target store, owned by Defendant Target Corporation, located in Belleville, Illinois. More specifically, Plaintiff's theory of recovery hinges on premises liability. Now pending before the Court is Defendant Target's motion for summary judgment (Doc. 48). For the reasons set forth below, the motion is **GRANTED**.

### PROCEDURAL BACKGROUND

Defendant Target removed this case from St. Clair County, Illinois on November 12, 2018 pursuant to 28 U.S.C. § 1446 (Doc. 1). The Court has jurisdiction over this matter since complete diversity exists between the parties pursuant to 28 U.S.C. § 1332(a) (Doc. 13). Defendant Target filed a motion for summary judgment on October 25, 2019 (Docs. 48, 49, 50). Soon after, Plaintiff filed an amended complaint against Defendant Target on October 28, 2019 (Doc. 51).

Plaintiff filed his response in opposition to Defendant Target's motion for summary judgment on December 2, 2019 (Doc. 56). Defendant Target filed its reply on

December 12, 2019 (Doc. 58). On December 20, 2019, Plaintiff, with leave of Court, filed what he characterized as an amended response, which included a set of photographs (Doc. 63). On May 4, 2020, Defendant Target filed a motion to dismiss for lack of prosecution with responses due by June 8, 2020 (Doc. 86). The motion to dismiss is predicated on Plaintiff's failure to retain new counsel after his previous counsel withdrew pursuant to Plaintiff's request and a breakdown in communication (*See* Docs. 80, 84, 86). Plaintiff, now proceeding *pro se*, has never responded to this motion to dismiss.

## FACTUAL BACKGROUND

On or around January 20, 2018, Plaintiff exited the Belleville, Illinois Target when he tripped over what he described as an uneven raised concrete walkway, causing him to fall and sustain injuries (Docs. 49-2, 51). At the time of his fall, Plaintiff was carrying a 55-pound bag of dog food on his right shoulder (Doc. 49-2, p. 11). An Executive Team Leader, Ms. Tabatha Johnston (employed by Defendant Target), arrived on the scene immediately after Plaintiff's fall to help him (Doc. 49-3, p. 1).

Both Plaintiff and Ms. Johnston testified that they did not observe a lip, bump, trash, uneven pavement, ice, liquid, or other dangerous conditions or materials in and around the area where Plaintiff fell on January 20, 2018 (Doc. 49-2, pp. 11-12; Doc. 49-3).

Plaintiff further stated that he returned to the site the next day and took pictures of the area where he fell (Doc. 49-2, p. 11). Plaintiff submitted those pictures into the record with his amended response to Defendant's motion for summary judgment (Doc. 63-1). Plaintiff testified that he was unable to find or measure any lip or bump in the sidewalk when he returned the next day because he did not bring a measuring device with him (Doc. 49-2, pp. 11-12).

Ms. Johnston testified that Defendant Target is unaware of any other falls in that area for at least the last five years (Doc. 49-3, pp. 11-12). Additionally, she testified that this is a high trafficked area by customers and employees, and no other customers or employees have complained about the sidewalk conditions there within the last five years (Doc. 49-3, p. 12).

## LEGAL STANDARD

Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "Factual disputes are genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented, and they are material only if their resolution might change the suit's outcome under the governing law." *Maniscalco v. Simon*, 712 F.3d 1139, 1143 (7th Cir. 2013) (citation and internal quotation marks omitted).

In deciding a motion for summary judgment, the court's role is not to determine the truth of the matter, but instead to determine whether there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir.1994). In deciding a motion for summary judgment, "[a] court may not . . . choose between competing inferences or balance the relative weight of conflicting evidence; it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the nonmoving party." *Hansen v. Fincantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted).

## DISCUSSION

Property owners owe their invitees a duty to keep the premises in a reasonably safe condition. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). To prevail on a claim based on premises liability, a plaintiff must establish:

> (1) the existence of a condition that presents an unreasonable risk of harm to persons on the premises; (2) that the defendants knew, or should have known, that the condition posed an unreasonable risk of harm; (3) that the defendants should have anticipated that individuals on the premises would fail to discover or recognize the danger or otherwise fail to protect themselves against it; (4) a negligent act or omission on the part of the defendant; (5) an injury suffered by the plaintiff; and (6) that the condition of the property was a proximate cause of the injury to the plaintiff.

*Id.* (citing *Jordan v. Nat'l Steel Corp.*, 701 N.E.2d 1092, 1094-1096 (1998)). *See also Mueller v. Phar-Mor, Inc.*, 784 N.E.2d 226, 231 (2000). "An unreasonable risk of harm refers to dangers that are 'hidden, unusual, or not to be expected.'" *Grossman v. Menard, Inc.*, No. 17 C 2242, 2018 WL 4563071, at *2 (N.D. Ill. Sept. 24, 2018) (quoting *Horcher v. Guerin*, 236 N.E.2d 576, 579 (2d Dist. 1956)). Additionally, to determine whether a party had notice of a dangerous condition, the dangerous condition must have been "present for a sufficient length of time such that in the exercise of ordinary care, its presence should have been discovered" or "that the dangerous condition was part of a pattern of conduct or a recurring incident." *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1040 (7th Cir. 2016).

Defendant Target and Plaintiff disagree about 1) whether there was a condition that presented an unreasonable risk of harm, and 2) whether Defendant Target knew or should have known that the conditions posed an unreasonable risk of harm. Defendant Target argues that it is entitled to summary judgment because Plaintiff has failed to produce *any evidence* that a dangerous condition existed in the area where Plaintiff fell, or

that Defendant Target had actual or constructive notice of a dangerous condition (Doc. 48). Plaintiff alleges that there was an unsafe condition on Defendant Target's property because there was, in fact, a bump or lip on the sidewalk that created a dangerous, uneven pavement outside Defendant Target's store and that Defendant Target knew about this dangerous condition (Doc. 56).

The court in *Grossman v. Menard* addressed a similar situation, so its analysis is instructive here. There, the plaintiff brought a similar lawsuit alleging that a crack in the pavement of the parking lot at a Menard's store created a condition that presented an unreasonable risk of harm and that the defendant was aware of this condition. The defendant moved for summary judgment, arguing this crack did not pose a risk to its customers and, therefore, they had no notice of a dangerous condition. *Grossman*, 2018 WL 4563071, at *1.

The court found there was no genuine dispute about the plaintiff's claim that the condition of the asphalt in question posed an unreasonable risk of harm because the plaintiff failed to provide *any* expert testimony and the photos in the record did not support an inference of a dangerous condition. *Id*. at *6. The court further noted that, to the extent they can be interpreted at all, the photographs show ordinary defects in the pavement, including perhaps a minor depression in the asphalt. *Id*. The court further noted that there was nothing that appeared hidden, unusual, or unexpected in the parking lot surface. *Id*.

The same is true here. Plaintiff asserts that the uneven pavement at Defendant Target's store was an unsafe, defective, and in a dangerous condition (Doc. 51). But he offers no expert testimony to support this conclusion. Plaintiff provided three photos of

the area where the alleged uneven walkway exists (Doc. 61-3). The photographs present what appears to be ordinary defects in the pavement with a bit of grout missing from part of the sidewalk (*Id.*). Nothing in the photographs appears to be hidden, unusual, or unexpected. Nothing in the photographs even appears to be uneven or protruding.

Additionally, Plaintiff himself testified that he could not say if there was a lip or bump in the sidewalk or the size of a lip or bump (Doc. 49-2, pp. 11-12). Both he and Tabatha Johnston testified that there was no trash, ice, liquid, or other dangerous conditions in or around the area in which Plaintiff fell (Doc. 49-3, pp. 7-9; 49-2, pp. 11-12). Based on the evidence in the record, the sidewalk on which Plaintiff fell appears to be normal and without anything hidden or unexpected that could pose an unreasonable risk of injury to Plaintiff or other customers and employees at this store.

Plaintiff fails to properly support his argument that the walkway shown in the photographs represents an unreasonably dangerous or harmful condition on the premises. As a result, Plaintiff fails to establish that Defendant Target breached a duty to him. Accordingly, Defendant Target is entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by Defendant Target Corporation (Doc. 48) is **GRANTED** and this action is **DISMISSED with prejudice**. Accordingly, Defendant's motion to dismiss (Doc. 86) is hereby **MOOT.** The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Target Corporation and against Plaintiff Lawrence M. Butler, Sr. and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:  June 22, 2020**

                                                       _/s/_ Mark A. Beatty_____
                                                       **MARK A. BEATTY**
                                                       **United States Magistrate Judge**